UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00493-ODW (JDE) | Date | March 1, 2024 |
|---|---|---|---|
| Title | James Plas Sams v. California Dept. of Corrections and Rehabilitation, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order to Show Cause re Dismissal for Failure to Prosecute, Failure to Comply with a Court Order, and Failure to Update Address

    On March 8, 2021, James Plas Sams ("Plaintiff"), then a prisoner at Ironwood State Prison (the "Prison"), proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California ("Eastern District"). Dkt. 1 ("Complaint"). On March 22, 2021, the Eastern District transferred the case to this Court. Dkt. 5. Most of Plaintiff's claims arose out of his incarceration and alleged mistreatment during the COVID-19 pandemic at the Prison. On June 11, 2021, the Honorable Otis D. Wright, II, United States District Judge, dismissed all federal claims except an Eighth Amendment claim against Chelsea Armenta, Dr. V. Alvarez, B. Roe, J. Garibay, S. Minor-Amay, and Barrera (collectively, "Defendants") and declined to exercise supplemental jurisdiction over the state law claims against the remaining defendants. Dkt. 12. On June 30, 2021, Plaintiff voluntarily dismissed his remaining state law claims. Dkt. 20. On April 15, 2022, Defendants filed an Answer. Dkt. 26. On the same day, the assigned magistrate judge issued a Case Management and Scheduling Order that provided, in part, "If Plaintiff is proceeding pro se, Plaintiff must notify the Court and defense counsel of any change of address and the effective date of the change." Dkt. 27 at 6 ("Scheduling Order").

    On February 10, 2023, Plaintiff filed a Motion for Partial Summary Judgment on his Eighth Amendment claim against all defendants except Barrera. Dkt. 53 ("Plaintiff's Motion"). On March 3, 2023, Defendants filed, among other documents, a Motion for Summary Judgment (Dkt. 56 at 1-18, "Defendants' Motion"), seeking summary judgment as to all claims against all Defendants. While briefing on the cross-motions for summary judgment was ongoing, on May 3, 2023, Plaintiff filed a Notice of Change of Address indicating he was no longer imprisoned at the Prison, and provided a new address of 13765 Arthur Dr., Victorville, California, 92392. Dkt. 73. All orders from the Court have been served at that address since the Notice of Change of Address and, until February 2024, no mail was returned as undeliverable.

    Following briefing, the assigned magistrate judge issued a Report and Recommendation recommending that Plaintiff's Motion be denied and that Defendants' Motion be granted as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00493-ODW (JDE) | Date | March 1, 2024 |
|---|---|---|---|
| Title | James Plas Sams v. California Dept. of Corrections and Rehabilitation, et al. | | |

Plaintiff's claim against Barrera, but denied in all other respects. Dkt. 76 ("Report"). On December 15, 2024, Judge Wright issued an order accepting the Report in all respects. Dkt. 79.

    Thereafter, on February 2, 2024, Judge Wright referred the matter to the assigned magistrate judge for a settlement conference to be conducted by April 8, 2024. Dkt. 81. On February 8, 2024, the magistrate judge issued an order stating that a settlement conference would be set on one of the following dates: February 28, February 29, March 1, March 26, March 27, March 28, or March 29, 2024, with the parties permitted to file, by February 15, 2024, a Status Report setting forth any preference among the foregoing dates and stating any preference as to whether to proceed in person or by Zoom videoconference. Dkt. 82 ("First Order"). On February 15, 2024, counsel for Defendants filed a Status Report indicating that counsel and a representative of the California Department of Corrections and Rehabilitation ("CDCR"), with full settlement authority, could appear by Zoom on February 28, February 29, March 1, or March 26, or in person on March 26, with counsel stating a preference to procced by Zoom. Dkt. 83. Plaintiff did not file a status report by February 15 in response to the First Order.

    The magistrate judge then issued an order on February 20, 2024, in part, as follows:

    [T]he Court ORDERS a Settlement Conference will be held before Magistrate Judge John D. Early by Zoom, on **March 1, 2024, starting at 10:00 a.m. and continuing until terminated by the Court.** The parties will be provided access information for the Zoom conference by separate email from Judge Early's Courtroom Deputy. In that regard, Plaintiff James Plas Sams is ORDERED to contact Judge Early's Courtroom Deputy by telephone at (714) 338-4756 or by email at Maria_Barr@cacd.uscourts.gov, **by noon on February 27, 2024**, to provide an email address at which Plaintiff may be contacted for purposes of providing access to the Zoom conference information and other possible settlement conference related communication. Failure by Plaintiff to provide such information to Judge Early's Courtroom Deputy by noon on February 27, 2024, may result in the issuance of an order to show cause why this action should not be dismissed for failure to prosecute and failure to comply with a court order.

    Separately, **by noon on February 27, 2024,** Plaintiff and counsel for Defendants shall each submit to the Magistrate Judge: (1) a confidential settlement statement not to exceed 5 pages, with no exhibits, that sets forth, at a minimum, a summary of the history and status of settlement discussions thus far, including the most recent offers/demands, the names and, where appropriate, titles of all persons who will be attending the settlement conference, and a specific position regarding settlement; and (2) a "Term Sheet" with bullet points of any non-monetary terms that the party considers necessary for settlement. . . . delivered by email to chambers at JDE_Chambers@cacd.uscourts.gov.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00493-ODW (JDE) | Date | March 1, 2024 |
|---|---|---|---|
| Title | James Plas Sams v. California Dept. of Corrections and Rehabilitation, et al. | | |

Dkt. 84 ("Second Order").

On February 29, 2024, after noting that the Court had not been contacted by Plaintiff despite the Second Order requiring such contact by noon on February 27, 2024, the Court took the Settlement Conference Off Calendar and indicated a further order would issue regarding Plaintiff's apparent noncompliance with the Second Order. Dkt. 85. Separately, the Court received as undelivered the envelope containing the First Order, mailed to Plaintiff's address of record, with the notation "Return to Sender [/] Attempted – Not Known [/] Unable to Forward." Dkt. 86.

Central District of California Local Civil Rule ("L.R.") 41-6, titled "Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address, provides:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

Here, the First Order, returned as undeliverable by the Postal Service, was served on February 8, 2024. As of the date of this Order, more than 14 days have passed since the service of the First Order, and Plaintiff has not filed a notice of change of address, in apparent violation of L.R. 41-6.

In addition, Plaintiff did not comply with the requirements of the Second Order that he: (1) contact the magistrate judge's courtroom deputy by email, at the email address provided, or by telephone, at the telephone number provided, to provide an email address for purposes of receiving log-in information for the Settlement Conference by noon on February 27, 2024; and (2) deliver by email to chambers at the email address provided by noon on February 27, 2024, Plaintiff's confidential settlement conference statement. Further, Plaintiff did not comply with the requirement of the Scheduling Order that he notify the Court of any change of address.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action if a plaintiff fails to prosecute the action or fails to comply with a court order. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00493-ODW (JDE) | Date | March 1, 2024 |
|---|---|---|---|
| Title | James Plas Sams v. California Dept. of Corrections and Rehabilitation, et al. | | |

complaint, applying the five factors). Here, factors one and two, the public's interest in expeditious resolution of litigation and the Court's interest in managing its docket, militate in favor of dismissal for Plaintiff's failure to respond to the Court's order to provide contact information to proceed with a Court-ordered Settlement Conference and failure to update Plaintiff's address, which effectively prevents the Court and defense counsel from communicating with Plaintiff. The third factor, the risk of prejudice to the defendant, also favors dismissal. For Plaintiff to essentially disappear in a case that has been pending for nearly three years, precludes further movement of the case toward resolution and thereby creates a risk of loss of evidence and diminution of memory of witnesses for Defendants. Factor four, the public policy favoring disposition of cases on the merits, counsels against dismissal, but here, with Plaintiff having essentially disappeared, it is unclear whether the case can proceed to a trial on the merits as a result of Plaintiff's conduct. Lastly, as to the fifth factor, the availability of less drastic sanctions, Plaintiff is proceeding in forma pauperis, so a monetary sanction does not appear appropriate, and no particular other lesser sanction, such as an evidentiary sanction, issue sanction, or jury instruction, appears warranted as a sanction against a party who has effectively abandoned the action. The Court has considered the availability of such lesser sanctions, and none seems warranted in this situation. Plaintiff was warned in the Second Order that a failure to comply could result in "an order to show cause why this action should not be dismissed for failure to prosecute and failure to comply with a court order." Second Order at 1. It appears that four of the five factors set forth in Carey favor dismissal, three of them strongly so.

As a result of the foregoing, Plaintiff is ORDERED TO SHOW CAUSE, in writing, by no later than **March 21, 2024**, why this action should not be dismissed for an apparent violation of L.R. 41-6 and under Fed. R. Civ. P. 41(b) for apparent failure to prosecute and failure to comply with a court order. Failure to timely file a response to this Order may itself form an additional basis for dismissal for failure to prosecute and failure to comply with a Court order.

IT IS SO ORDERED.